In re: Guardianship of Bernice Billewicz, No. 129-3-11 Rdcv (Teachout, J., Nov. 28, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **RUTLAND UNIT** | **Docket # 129-3-11 Rdcv** |

### In re: GUARDIANSHIP OF BERNICE BILLEWICZ

### DECISION AND ORDER

**Appeal of Probate Court Order of January 31, 2011
re:
Ninth and Tenth Motions for Allowance of Payment of Fees for Guardian's Services**

This is an appeal from an Order of January 31, 2011 of the Fair Haven District Probate Court, Hon. Christopher H. Howe, presiding.  Dallas Haines, Esq., was the Guardian of Bernice Billewicz under a voluntary guardianship until her death on January 6, 2011.

On July 6, 2010, the Guardian filed his Ninth Motion for the Allowance of Payment for Services Rendered, covering the period from the prior allowance to July 2, 2010.  The Motion sought allowance for payment of fees in the amount of $20,080.00.  On August 13, 2010, the Court approved partial payment of $12,080.00 and reserved approval of the balance of $8,000.00.

On January 10, 2011, the Guardian filed his Tenth Motion, covering the period from July 2, 2010 to the death of the Ward on January 6, 2011, seeking approval for payment of $3,680.00.

Judge Howe issued an Order on January 31, 2011 approving both the $8,000.00 balance from the Ninth Motion and the $3,680.00 from the Tenth Motion.  Lillian Billewicz, daughter of the Ward Bernice Billewicz, appealed.

A *de novo* evidentiary hearing was held on November 22, 2011.  Both the Guardian Dallas Haines, Esq. and Lillian Billewicz were present and testified.  The Court admitted into evidence Plaintiff's #1, a notebook prepared by Lillian Billewicz.

Based on the credible evidence, the Court makes the following Findings of Fact and Conclusions and Order.

Bernice Billewicz survived her husband, Warren Billewicz, who had done well financially during his life and died leaving assets, including real property in Seabrook, New

Hampshire, including a marital home and lot, and a rental cottage. At various different times following her husband's death, Bernice relied on her son, Robert, and then her daughter, Lillian, to help her with her affairs. Bernice lived with Lillian and her sons for 6 years in Vermont, during which time there was litigation over Bernice's real estate.

At some point a petition for voluntary guardianship was filed in the Probate Court in Vermont, at a time when Bernice was living in a rehabilitation center near the office of Dallas Haines, a Massachusetts attorney. He was asked to meet with her about serving as her guardian. He agreed to do so, and was appointed as her voluntary guardian. Once he assumed responsibility, he found that she was subject to manipulation by both children, that some of her funds had been used to pay property taxes on property that she did not own at the time, that Bernice's son Robert filed a forged will for Warren in the New Hampshire court, and that Lillian had become constructive trustee for the benefit of her sons of real estate previously owned by Bernice. Mr. Haines concluded that Lillian had used Bernice's funds for her own purposes.

Bernice was still the owner of the rental cottage. She received income from social security and a teacher's pension in addition to cottage rental. Mr. Haines concluded that the cottage needed to be sold, as it was a burden on Bernice's finances: she was living in a rehabilitation facility which entailed expenses and which she was unlikely to leave, and there was debt on the cottage property in addition to the need to spend resources to manage and maintain it. Lillian opposed the sale of the rental cottage. She filed a lawsuit against her mother, to which Mr. Haines as her guardian was obliged to respond.

There has been a highly contentious relationship for some time between Mr. Haines, as Bernice's Guardian, and Lillian, who was sought to prevent the sale of Bernice's rental cottage. It has involved litigation in New Hampshire as well as in the Vermont Probate Court, and at least one other appeal to the Superior Court. Mr. Haines has spent a considerable amount of time addressing the issues raised by Lillian, which he considers to be frivolous and wasteful of Bernice's resources, but he has nonetheless been obliged to spend the time to protect the interests of Bernice in his role as her Guardian.

When Judge Howe approved payment of a portion of the Guardian's fees in response to the Ninth Motion and reserved approval on $8,000.00, he did not identify how he distinguished between the approved and the reserved portion. Only the reserved $8,000 portion is before this Court on this appeal. Thus, this Court has reviewed the work performed by the Guardian and the fees he requests for all of the Ninth Motion in relation to the total amount claimed of $20,080.00, since there is no way to separate out the work attributable to the $8,000.00 reserved. This Court has also reviewed the work and fee request addressed in the Tenth Motion.

Mr. Haines kept contemporaneous time and billing records of the tasks he performed for the benefit of Bernice. He recorded the date of each task, the time spent in increments of tenths of hours, and a brief description of the task undertaken, such that the amount and type of work on a variety of issues can be identified.

His records, as well as his testimony, support his position that he spent reasonable amounts of time on the following tasks that he was required to undertake: responding to efforts

of Lillian to have Bernice recognized as competent and therefore able to seek the appointment of a different voluntary guardian, including communicating with a professional retained at Lillian's initiative to evaluate Bernice's mental capacity; handling Bernice's financial affairs, including issues related to ownership of the Seabrook rental cottage; communicating with the staff at the nursing home and addressing issues raised by the staff, including Lillian's attempts to obtain information from the home to which she was not entitled; attending hearings in Vermont Probate Court and the Civil Division on issues initiated by Lillian (e.g., competency); pursuing permission to sell the Seabrook rental cottage, including obtaining recognition of the Vermont guardianship in the New Hampshire court, and obtaining the necessary licenses to sell; and addressing issues related to Bernice's last illness.

Bernice died before licenses to sell were obtained, and the cottage property was therefore not sold during the guardianship, but it was a reasonable course to pursue during her life, as both the nursing home bill and the guardianship fees needed to be paid, and there was insufficient cash income during Bernice's life to cover both of those expenses as well as the maintenance costs for the cottage property.

The Court finds that the tasks were necessary to manage the affairs of Bernice and to protect her interests, that the amount of time Mr. Haines spent was reasonable, and that his hourly rate of $200.00 is reasonable for a Massachusetts attorney located in his area. The Court approves the amount of the fees requested in both the Ninth and Tenth Motions: 100.4 hours x $200/hour in the Ninth Motion, and 18.4 hours x $200/hour in the Tenth Motion. These amounts do not include any time the Guardian has been obliged to spend following Bernice's death, including attending hearings and filing court papers in connection with the Probate Court Order and this appeal.

The Court furthermore approves payment of the fees out of current funds from Bernice's income. There is sufficient equity value in the cottage to pay all remaining debts and bills of Bernice, including both the real property debt and the accrued obligation to the nursing home. The billing records show that Mr. Haines was in communication with the nursing home about payment of the obligation. It is not unreasonable for the current expenses of the guardian to be paid out of cash assets where there are sufficient assets available to cover other obligations.

The Court has considered the objections and arguments of Lillian, and does not find them persuasive. She argues that Mr. Haines should have paid the nursing home rather than himself from Bernice's social security and pension income. For the reasons stated above, the Court finds that it is reasonable for the Guardian's services to be compensated from Bernice's cash funds derived from income. Lillian argues that it was not reasonable for Mr. Haines to pursue recognition of the guardianship in New Hampshire, but there is not evidence that it was not a reasonable and necessary part of obtaining permission to sell the New Hampshire real estate, which was a reasonable step to take on behalf of Bernice to satisfy all her obligations.

She argues that he should not be compensated for consulting with the nursing home, but the Court finds it credible that Mr. Haines was obliged to spend time on such tasks as a consequence of initiatives taken by Lillian. She objects to time Mr. Haines spent on changing the beneficiary on Bernice's life insurance from her deceased husband to her estate, but this was

3

a reasonable administrative task.  She argues that he should not be compensated for "ex parte" communications with Dr. Rogoff, but it is not unreasonable for a guardian to be in communication with a person who is undertaking an evaluation of his ward.  She argues that Mr. Haines should have spent no time on issues related to the trust of property not owned by Bernice, but it was not unreasonable for Mr. Haines to investigate expenditures made from his Ward's funds for property not under her ownership, and to explore whether there were issues involving such trusts that affected his Ward's financial interests.

The Court declines make any reduction in the amount of fees allowed and to be paid to the Guardian for the reasons argued by Lillian Billewicz.

## ORDER

Based on the findings of fact and for the foregoing reasons, the Court approves the payment to Dallas Haines, Esq., Guardian for Bernice Billewicz, of the balance of $8,000.00 requested in the Ninth Motion and of the amount of $3,680.00 requested in the Tenth Motion.

The matter is remanded to the Probate Division for any further proceedings.

Dated at Rutland this 28th day of November, 2011.

_____

Hon. Mary Miles Teachout
Superior Court Judge

4